# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-4167

_____

Clarence L. Scott

*Plaintiff - Appellee*

v.

Justin Deleon, Individually and in his Official Capacity

*Defendant - Appellant*

Dewey Young, Individually and in his Official Capacity; Steven Creek,
Individually and in his Official Capacity; Chief of Police Kevin D. Lindsey,
Individually and in his Official Capacity; Sebastian Co Sheriff Bill Hollenbeck,
Individually and in his Official Capacity

*Defendant*s

Fort Smith, Arkansas, City of

*Defendant - Appellant*

Fort Smith Police Department; Sebastian County, Arkansas; Sebastian County
Sheriff's Department; Arkansas Municipal League

*Defendant*s

_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

_____

Before WOLLMAN, LOKEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Fort Smith Police Department Officer Justin Deleon and the City of Fort Smith, Arkansas, appeal the district court's[1] interlocutory order denying Deleon qualified immunity on one of the excessive-force claims asserted by Clarence Scott in this 42 U.S.C. § 1983 action.

In this interlocutory appeal, our review is limited to determining whether the conduct that the district court found sufficiently supported for summary judgment purposes violated Scott's clearly established rights. See Shannon v. Koehler, 616 F.3d 855, 861 (8th Cir. 2010). We review de novo the determination that Scott is not entitled to qualified immunity. We must decide whether the facts, construed in the light most favorable to Scott, established a constitutional violation, and whether the right was clearly established such that a reasonable person in Deleon's position would have known that his actions were unlawful. See Krout v. Goemmer, 583 F.3d 557, 564 (8th Cir. 2009). We are not bound to accept a version of events if it is blatantly contradicted by the record such that no reasonable jury could believe it. See Ehlers v. City of Rapid City, 846 F.3d 1002, 1010 (8th Cir. 2017). Having reviewed the record in light of this standard, we conclude that the district court appropriately denied Deleon qualified immunity.

_____

[1]The Honorable P.K. Holmes, III, Chief Judge, United States District Court for the Western District of Arkansas.

Further, we conclude that we lack jurisdiction over Fort Smith's arguments as to Scott's municipal-liability claim. See Shannon, 616 F.3d at 865-66 (dismissing for lack of jurisdiction city's appeal of denial of summary judgment on municipal-liability claim where this court affirmed denial of qualified immunity as to city police officer).

The judgment denying qualified immunity to Deleon is affirmed, and Fort Smith's appeal is dismissed.

---